**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2470

———————

GURGEN TKHELIDZE,
                                        Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A059-977-740)
Immigration Judge: Honorable Walter A. Durling

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 19, 2018

Before:   SMITH, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Opinion filed: January 23, 2018)

OPINION[*]

KRAUSE, *Circuit Judge.*

Petitioner Gurgen Tkhelidze, a native and citizen of Georgia, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the order of removal and denial by the Immigration Judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Petitioner was ordered removed based on his guilty plea to retail theft and possession of cocaine, and the IJ and BIA rejected his claims that he qualifies for relief based on a stabbing he suffered in 2007 while living in Georgia, and on persistent harassment he allegedly experienced at school during his childhood—both of which he contends were due to his Ossetian ethnicity.

Because the BIA committed no errors of law, we will deny the petition for review.

## I. Jurisdiction and Standard of Review

The BIA had jurisdiction over Petitioner's appeal from the IJ's removal order under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction over his petition for review of the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). "When the BIA issues a separate opinion . . . we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Because Petitioner is removable on account of a conviction for possession of cocaine, we may not review the BIA's factual or discretionary determinations. 8 U.S.C. § 1252(a)(2)(C); *Kaplun v. Att'y Gen.*, 602 F.3d 260, 265 (3d Cir. 2010). We review the BIA's legal conclusions de novo. *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017).

## II. Discussion

Petitioner raises a number of challenges to the rulings of the IJ and BIA, but the thrust of his petition is that the IJ and BIA misapplied the pertinent legal tests and standards of review. As explained below, however, these arguments misapprehend the actual rulings of the IJ and BIA and the relevant framework of analysis. Petitioner's remaining claims also fail, as they either fail to raise a cognizable legal issue or exceed the scope of our review.

### A. Claims That Rest on Misapprehensions of the Record

Petitioner claims that the IJ and BIA erred in denying asylum and withholding of removal without first rebutting a presumption of future persecution, and that the IJ and BIA erred in finding that Petitioner did not meet his burden under the CAT. These arguments each rely on the premise that the IJ made required predicate factual findings—respectively, that Petitioner had suffered past persecution, and that some ill was likely to be perpetrated against Petitioner upon his return to Georgia—but the record reflects that the IJ, in fact, made neither.

To demonstrate eligibility for asylum, an applicant must establish either "past persecution or a well-founded fear of future persecution," *Kibinda v. Att'y Gen.*, 477 F.3d

113, 119 (3d Cir. 2007) (citing 8 U.S.C. § 1158(b)(1)), and to obtain withholding of removal, an applicant must show that "it is more likely than not that [the applicant] would be subject to persecution," *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003) (internal quotation marks omitted). As Petitioner correctly notes, an IJ's finding that an applicant suffered past persecution creates a rebuttable presumption that the applicant will suffer future persecution if removed to his home country, 8 C.F.R. §§ 1208.13(b)(1) (asylum); 1208.16(b)(1)(i) (withholding of removal), and to establish persecution, the applicant must show "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds [such as race or ethnicity]; and (3) is committed by the government or forces the government is either unable or unwilling to control," *Camara v. Att'y Gen.*, 580 F.3d 196, 202 (3d Cir. 2009) *as amended* (Nov. 4, 2009) (internal quotation marks omitted).

Petitioner contends he is entitled to the rebuttable presumption of future persecution based on the IJ's finding that he suffered past persecution. But that conflates the factual and legal aspects of asylum and withholding of removal claims, and misstates the facts actually found by the IJ. True, the IJ found that Petitioner "was attacked because of his race or ethnicity," but the IJ then explicitly found that Petitioner was "unable to establish . . . that his government was unable or unwilling to protect him." App. 10-11. Indeed, the IJ found the opposite, observing that Petitioner's attacker was "apprehended in short order," subsequently investigated, and then "prosecuted and . . . sentenced to jail for five years." App. 11. Because Petitioner did not make the required factual showing that the government was unable or unwilling to control his attackers, the

4

IJ could not have made a finding of past persecution; and without a finding of past persecution, there was no rebuttable presumption of future persecution. As a result, Petitioner's arguments that turn on the Government's failure to rebut that presumption cannot succeed.

Similarly, to meet his burden of proof under the CAT, Petitioner must show that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal," 8 C.F.R. § 208.16(c)(2), a showing that requires him to establish, among other elements, that public officials would "consent or acquiesce" to any mistreatment. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). The acquiescence inquiry is two-part: "First, the IJ makes a factual finding or findings as to how public officials will likely act in response to the harm the petitioner fears." *Id.* at 516. Second, the IJ makes the legal determination of "whether the likely response from public officials qualifies as acquiescence under the governing regulations." *Id.* Here again, Petitioner conflates the factual and legal components and fails to acknowledge the factual predicate is simply absent: The IJ determined there was "no evidence" that the government would fail to prosecute any future crimes; that, to the contrary, the Georgian government previously "prosecuted his attacker"; and that in any event, no harm was likely because Petitioner "was unharmed until the incident in 2007." App. 13. Based on those facts, the IJ concluded that Petitioner could not establish the government would be likely to consent to his maltreatment. App. 13. The BIA found "no clear factual error or legal error" in those determinations. App. 6. As Petitioner failed to show any likelihood of harm with

the consent or acquiescence of a public official, the BIA and IJ correctly held he did not sustain his burden under the CAT.

Given the IJ's actual findings, Petitioner also fails in his argument that the BIA misapplied the applicable standard of review. Petitioner contends that the BIA should have reviewed de novo: (1) whether the Georgian government is unable or unwilling to control any persecutors, and (2) whether Petitioner is likely to face persecution upon return to Georgia. But the first question is the same factual predicate discussed above, which the IJ explicitly refused to find, and which is a factual question subject to clear error review. *See Fiadjoe v. Att'y Gen.*, 411 F.3d 135, 153 (3d Cir. 2005) (describing the finding of whether a government is "either unable or unwilling to control" a persecutor as "factual"). And while the second question may present a legal issue that the BIA must review de novo, the record indicates that the BIA here did just that, reviewing the well-founded fear of persecution issue de novo, while properly applying clear error review to the underlying factual predicates.[1] Specifically, the BIA prefaced each of the factual

---

[1] We note that we have taken somewhat different approaches to the standard of review that the BIA must apply to the IJ's determination whether a petitioner is likely to face persecution upon return to his or her country of origin. *Compare Shardar v. Ashcroft*, 382 F.3d 318, 323 (3d Cir. 2004) (describing whether a petitioner has demonstrated a well-founded fear of future persecution as a "factual question"), *with Huang*, 620 F.3d at 387 (describing the "well-founded fear determination" as a "question of law" subject to de novo review). Similarly, while Petitioner does not challenge the BIA's application of the correct standard of review to the CAT, we also note the inconsistency between the standard of review in asylum cases, where the BIA assesses for clear error whether a government is able or willing to control persecutors, *see Fiadjoe*, 411 F.3d at 153, and the standard of review in CAT cases, where the BIA assesses de novo the arguably analogous question whether government conduct amounts to acquiescence, *see Myrie*, 855 F.3d at 516. However, as the BIA applied the more rigorous de novo standard to the well-founded fear inquiry, and the IJ never found the

6

questions to which it applied clear error review—such as whether the person who attacked Petitioner in 2007 was prosecuted and punished—with an unambiguous statement that it was only reviewing for clear error. App. 5 ("The [IJ] further did not *clearly err* in holding that . . . the evidence shows that the attacker was prosecuted . . . ." (emphasis added)). But it gave no such qualifier when resolving whether Petitioner has established a well-founded fear of future persecution, indicating it instead reviewed that question de novo. And because Petitioner failed to establish the factual predicates for that legal claim—that is, any indication that the Georgian government was unable or unwilling to control would-be persecutors—the BIA did not err in concluding on plenary review that Petitioner's asylum and withholding of removal claims lacked merit.

## B.      Claims Failing to Establish Legal Error or Exceeding Our Review

We may dispose quickly of Petitioner's three remaining claims. First, Petitioner asserts that the IJ violated his due process rights by refusing to allow all of his witnesses to present oral testimony. Those rulings, however, fall well within an IJ's discretion to conduct trial proceedings. Due process requires "a full and fair hearing that allows [the alien threatened with removal] a reasonable opportunity to present evidence," *Cabrera-Perez v. Gonzales*, 456 F.3d 109, 115 (3d Cir. 2006) (per curiam), but "IJs are entitled to broad (though not uncabined) discretion over the conduct of trial proceedings," and due process will only be violated if the proceedings "amount to a denial of . . . fundamental fairness," *Muhanna v. Gonzales*, 399 F.3d 582, 587 (3d Cir. 2005) (internal quotation

---

required factual predicates for either asylum or relief under the CAT, these issues are not squarely presented before us in this case. We leave their resolution for another day.

7

marks omitted). The witnesses that Petitioner wished to present—the attorney who represented him after he was stabbed in 2007, an expert on country conditions in Georgia, Petitioner's sister, and his ex-wife—had either already submitted written statements into the record, or, in the ex-wife's case, by Petitioner's counsel's own admission, would have testified to duplicative material. The IJ also admitted statements from both of Petitioner's parents, as well as a country conditions report, and made clear that he had considered both Petitioner's own testimony, as well as the documents submitted, in rendering his decision. On this record, we cannot say that Petitioner was denied "fundamental fairness." *Muhanna*, 399 F.3d at 587.

Second, Petitioner asserts his due process rights were violated and that the IJ abused its discretion when the IJ refused to hear testimony and argument related to his criminal convictions and then denied asylum as a matter of discretion on the basis of those same convictions. But those IJ determinations were not relevant to the BIA's decision to affirm the IJ. As noted, we only review the IJ's ruling "insofar as the BIA defers to it," *Huang*, 620 F.3d at 379, and the BIA explicitly refused to "reach the Immigration Judge's denial of asylum in the exercise of discretion and [Petitioner's] related arguments," instead affirming on the basis that Petitioner had failed to show the Georgian government would be unable to control would-be persecutors. App. 5. Because the BIA did not rely on the IJ's exercise of discretion, we have no occasion to review that part of the IJ's ruling. *See Huang*, 620 F.3d at 379.

Finally, Petitioner contends that the IJ and BIA misapplied 8 C.F.R. § 208.16(b)(2), which prohibits IJs from requiring applicants "to provide evidence that he

8

or she would be singled out individually for . . . persecution." However, that regulation only applies if the applicant can show: (1) "a pattern or practice of persecution of a group of persons similarly situated to the applicant," and (2) "his or her own inclusion in and identification with such group of persons." *Id.* Here, there is no indication in the record that the IJ or BIA found either requirement satisfied. Although Petitioner argues forcefully that the IJ *should* have made these findings, the facts he did find we are without jurisdiction to review. 8 U.S.C. § 1252(a)(2)(C); *Kaplun*, 602 F.3d at 265.

\* \* \*

In sum, we conclude that each of Petitioner's claims misapprehends the record, fails to demonstrate the IJ or BIA committed legal error, or is beyond the scope of our review. Accordingly, the petition for review will be dismissed in part and denied in part.